UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIAGE HILL CONDOMINIUM ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> ERIE INSURANCE COMPANY, <br><br> Defendant. | Case No. |

## PETITION TO COMPEL APPRAISAL

Now comes the Plaintiff, Carriage Hill Condominium Association, an Illinois corporation, by and through its attorney Robert J. McLaughlin of Hart, McLaughlin & Eldridge, LLC, who hereby petitions this Court for an Order compelling appraisal of this dispute. In support of its Petition, the Plaintiff states the following:

## PARTIES AND JURISDICTION

1. Carriage Hill Condominium Association ("Carriage Hill" or "insured property") is an Illinois corporation with a principal address at 220 Charlotte Place, Cary, Illinois 60013.

2. Upon information and belief, Erie Insurance Company ("Erie") is a Pennsylvania corporation with its principal place of business at 100 Erie Insurance Place, Erie, Pennsylvania 16530.

3. Erie insured Carriage Hill for property damage.

4. This Court has jurisdiction over this matter, pursuant to the 28 U.S.C. § 1332 as this matter is one between citizens of different states, namely Illinois and Pennsylvania, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the property that is subject to this matter is located in the Northern District of Illinois.

6. Although not necessarily an independent basis for jurisdiction, the Federal Arbitration Act, 9 U.S.C. Sec. 4 and Sec. 5, provides procedural guidance for appraisal proceedings and awards under Illinois law.

## FACTS GIVING RISE TO THE PETITION

7. On or about August 2, 2015 hail and windstorms damaged property held by Carriage Hill.

8. On August 2, 2015 and at all times relevant, Erie insured the property against such loss pursuant to Policy No. Q42-5970007 (hereinafter "Policy"), effective June 9, 2015 to June 9, 2016. A true and accurate copy of the relevant portions of the Policy are attached hereto as Exhibit A.

9. This is a petition to compel appraisal pursuant to the Policy which provides in part:

> **2. APPRAISAL**
>
> If you and we fail to agree on the amount of "loss", either party may make written demand for an appraisal. Each party will select an appraiser…
> See Ex. A at Page 44 of 66.

10. Carriage Hill made a claim under the Policy for damage to the premises resulting from the August 2, 2015 storms.

11. Erie does not dispute a covered loss occurred at the property, and in fact, has provided an estimate for the damages.

12. In or around July 28, 2016 Erie agreed to make "partial payment" under the Policy for wind and hail damage.

13. Erie later characterized the partial payment as a "partial denial" of coverage.

14. However, Erie erroneously estimates the value and amount of the loss to be only $154,336.75 less deductibles and less depreciation for a net Actual Cash Payment of $49,123.83.

15. In or around August 18, 2016 Erie notified Carriage Hill that "The processing of your claim *remains open*. We are awaiting the following: Complete Estimate of Repair or Replacement."

16. Carriage Hill, based on various professional estimates, informed Erie that the value of the loss is $504,325.00.

17. In or around November 16, 2016 Erie informed Carriage Hill that Erie "does not believe that all of the roofs have to be replaced. Six of the nine roofs can be repaired in accordance with Erie's estimate."

18. Given the dispute about the value and amount of the loss, in or around January 13, 2017 Carriage Hill notified Erie, in writing, that Carriage Hill was invoking the Appraisal Clause of the Policy and "demanding appraisal."

19. On March 15, 2018 Carriage Hill demanded, for a second time, that the parties submit their dispute to appraisal.

20. At this time, Carriage Hill brings this Petition and requests an Order from the Court compelling appraisal for the dispute over the value of the property and the amount of the loss.

21. Despite multiple requests from Carriage Hill that Erie participate in the appraisal process and appoint an appraiser, Erie has refused to name an appraiser and/or submit to the appraisal process.

22. Carriage Hill is entitled to appraise this loss pursuant to the Appraisal Provision in the Erie policy.

>WHEREFORE, Carriage Hill Petitions this Court for the following:
>
>>1. For an order compelling appraisal, and denying Erie the right to nominate an appraiser.
>>
>>2. That Erie be held liable for an amount determined by an appraisal panel.
>>
>>3. That judgment be entered consistent with a valid appraisal award.

      4. For costs, disbursements and interest allowed by statute.

      5. Any and other further equitable relief as deemed just by the Court.

Dated: June 20, 2018                                  Respectfully submitted,

                                                                   Hart McLaughlin and Eldridge, LLC

                                                                    /s/ Robert J. McLaughlin
                                                                    Attorneys for Plaintiff

Robert J. McLaughlin, Esq. #6272701
Hart McLaughlin & Eldridge, LLC
121 W. Wacker Dr., Suite 1050
Chicago, IL 60601
(312) 955-0545
(312) 971-9243 (Fax)
rmclaughlin@hmelegal.com